IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUSTIN A. HINES, on behalf of himself and a class of those similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SHERIFF OF WHITE COUNTY, INDIANA, in his official capacity, | ) ) ) ) |
| Defendant. | ) |

No. 4:20-cv-43

**CLASS ACTION COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND INDIVIDUAL DAMAGES**

**Introductory Statement**

1.      Formal policies in effect at the White County Jail ("Jail") prohibit inmates from receiving newspapers and from receiving books through the mail. The policies run afoul of the First Amendment to the United States Constitution. As a result of these constitutional violations, Justin A. Hines—a current inmate at the Jail who seeks to represent a class of those similarly situated—is entitled to class-wide declaratory and injunctive relief, as well as to his individual damages. In addition to its prohibition on the receipt of newspapers or books through the mail, the Jail also prohibits inmates from wearing religious jewelry. Mr. Hines is a devout Christian who, as a part of his religious exercise, desires to wear a necklace with a small crucifix although he is prohibited from doing so by the Jail's policy. This policy violates both the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and Indiana's Religious Freedom Restoration Act ("RFRA"), Ind. Code § 34-13-9-1, *et seq.* Mr. Hines is entitled to declaratory and injunctive relief under both statutes, and is entitled to his damages under Indiana's

1

RFRA.

**Jurisdiction, Venue, and Cause of Action**

2.  The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.  This Court has jurisdiction of the supplemental state law claim pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.  Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

6.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States, as well as under Indiana law.

**Parties**

7.  Justin A. Hines is an adult who is currently incarcerated in the White County Jail in Monticello, Indiana.

8.  The Sheriff of White County, Indiana, is the duly elected sheriff of White County, and is sued in his official capacity. Under Indiana law, he is statutorily responsible for "tak[ing] care of the county jail and the prisoners there." Ind. Code § 36-2-13-5(a)(7).

**Class Action Allegations**

9.  This action is brought by Justin A. Hines on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

10. The class is defined as follows:

    all persons currently confined, or who will in the future be confined, in the White County Jail.

11. All the requirements of Rule 23(a) are met in this cause in that:

      a.      The class is so numerous that joinder of all members is impractical. The White County Jail houses approximately eighty persons and the membership of the proposed class is constantly changing as prisoners enter and leave the facility.

      b.      There are questions of law or fact common to the class: whether jail policies concerning inmate receipt of newspapers and books violate the First Amendment to the United States Constitution.

      c.      The claims of the representative party are typical of those of the class.

      d.      The representative party will fairly and adequately protect the interests of the class.

12. The further requirements of Rule 23(b)(2) are met in this cause as at all times the defendant has acted or refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

13. Undersigned counsel are appropriate persons to be appointed as counsel for the class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and should be so appointed.

**Factual Allegations**

*Allegations Concerning the Policies at the White County Jail*

14. The White County Jail ("the Jail") houses approximately eighty pretrial detainees and convicted inmates in Monticello, Indiana.

15. Pursuant to the policies of the Jail, inmates may receive letters, cards, and similar items through the mail. The Jail does not limit the size of these materials, although inmates are generally only given access to scanned copies of these items on a centrally located kiosk.

16. Inmates may also possess paperback books while incarcerated in the Jail, provided that these books are dropped off at the Jail by the inmate's friends or family. However, the Jail prohibits inmates from receiving books directly from the publisher, from a distributor, or from anyone else who would send a book through the mail.

17. The Jail's formal policy concerning inmate possession of literature, which is contained in a handbook provided to all inmates, provides as follows (emphasis added):

> Literture [*sic*] – Detainees shall be allowed to receive paperback books, classification permitting, once received, such items shall than [*sic*] become property of the White County Jail, with the exception of religious materials. There is a 3-book limit per individual. *Books are not allowed to be sent in the mail.*

18. Due to the current COVID-19 pandemic, beginning April 9, 2020 the Jail temporarily suspended inmate receipt of most items from their family and friends, including books, pictures, and clothing of any kind. This suspension is intended to be a temporary measure designed to slow the spread of COVID-19 and, once such a suspension is no longer necessary to support public health in this manner, inmates will again be permitted to receive books that are dropped off at the Jail by the inmate's friends or family.

19. Until recently, the Jail's inmate handbook, by its terms, allowed inmates to receive newspapers, although *only* through the mail:

> Newspapers must come through the mail, subscriptions only. Newspapers must be traded out, must turn in old one to get anew one.

20. However, the terms of this handbook were first superseded by a memorandum—dated July 5, 2019—from the Jail, which provides as follows:

> As of July 8, 2019 the White County Jail will no longer be accepting [*sic*] inmates to subscribe to any newspaper. This is due to several inmates arguing with correctional staff. Starting July 8, 2019 no more newspapers will be allowed inside the White County Jail.

A recent change to the Jail's inmate handbook also reflects that "[n]ewspapers will not be allowed."

21. Mr. Hines was not incarcerated in the White County Jail in or around July of 2019. However, it is his understanding that any "arguments" between inmates and correctional staff

4

concerned delays in providing inmates with copies of newspapers to which they subscribed, and did not concern the content of such newspapers.

22. Therefore, the Jail completely prohibits inmates from receiving newspapers during their incarceration. It also completely prohibits inmates from receiving books directly from the publisher, from a distributor, or from anyone else who would send a book through the mail.

23. The Jail's inmate handbook also provides as follows:

> Religious materials – Inmates shall be entitled to receive and possess printed religious materials. However, inmates may not wear religious jewelry.

The Jail thus also completely prohibits inmates from wearing religious medallions or jewelry around their necks.

### *Allegations Concerning the Named Plaintiff*

24. Justin A. Hines is currently incarcerated in the Jail following a conviction for a criminal offense. He has been incarcerated in the Jail since September 2019, and will remain incarcerated in the Jail until at least December 20, 2020.

25. Shortly after his incarceration began in September 2019, Mr. Hines received a copy of the July 5, 2019 memorandum prohibiting the receipt of newspapers in the Jail.

26. Mr. Hines takes an active interest in his community and enjoys reading local newspapers. Throughout his incarceration in the Jail, he would have liked to subscribe to either the Monticello Herald Journal (where he resides) or the Logansport Pharos-Tribune (where his child attends school), or both. His father recently purchased for him a subscription to the Monticello Herald Journal, and Mr. Hines may also purchase a subscription to the Logansport Pharos-Tribune. However, he has not been able to receive these newspapers because of the Jail's prohibition on the receipt of newspapers.

27. Mr. Hines is an avid reader and, in addition to regularly reading the newspaper before he became incarcerated in the Jail, also regularly reads books. He would like to be able to have books ordered for him directly from the publisher or from Amazon or another distributor, and to receive books through the mail, but he is prohibited from doing so by the Jail's policy.

28. The Jail's policy allowing books to be dropped off at the Jail by friends or family was not a reasonable alternative for Mr. Hines. Mr. Hines's closest family member, his father, does not read books and therefore does not have ready access to books that Mr. Hines would like to read. And, of course, beginning April 9, 2020, the Jail ceased permitting books to be dropped off at the facility altogether.

29. Mr. Hines is also a devout Christian. Prior to his incarceration, he regularly wore a necklace with a small crucifix around his neck.

30. This necklace is currently in the possession of Mr. Hines's father, and Mr. Hines would like to be permitted to wear this necklace, or a substantially similar one, after it is dropped off at the Jail by his father.

31. To Mr. Hines, wearing this necklace represents an exercise of his religion that is substantially burdened by the Jail's refusal to permit him to do so. The crucifix is the central symbol of Mr. Hines's faith, and wearing this symbol has always allowed him to find spiritual comfort and represented a part of the manner in which he practices his faith.

32. Mr. Hines's necklace is small and lightweight and cannot reasonably be used as a weapon. Nonetheless, he is not allowed to wear the necklace by virtue of the Jail's prohibition on religious jewelry.

33. This prohibition is not supported by a compelling governmental interest and, even if it were, it is not the least restrictive means of advancing such an interest.

*Concluding Factual Allegations*

34. The Jail's prohibitions on the receipt of newspapers and on the receipt of books through the mail are not rationally connected to any legitimate penological needs. Allowing inmates to receive these items will not pose any deleterious consequences to the operations, staff, or inmates of the Jail. And there are no readily available alternatives for the inmates to exercise their First Amendment rights.

35. Mr. Hines has filed grievances concerning the Jail's prohibitions on the receipt of newspapers and on the receipt of books through the mail, and has also filed grievances concerning the Jail's prohibition on the wearing of religious jewelry. The Jail did not respond to his grievances. He has therefore fully exhausted all grievances available to his with respect to the prohibitions on the receipt of newspapers and on the receipt of books through the mail, as well as with respect to the Jail's prohibition on the wearing of religious jewelry.

36. The defendant receives federal financial assistance and is therefore subject to the requirements of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*.

37. At all times the defendant has acted or refused to act under color of state law.

38. As a result of the actions or inactions of the defendant, the plaintiff and the members of the putative class are suffering irreparable harm for which there is no adequate remedy at law.

**Legal Claims**

39. The Jail's prohibition on inmate receipt of newspapers violates the First Amendment to the United States Constitution.

40. The Jail's prohibition on inmate receipt of books through the mail violates the First Amendment to the United States Constitution.

41.   The Jail's prohibition on the wearing of religious jewelry violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*  This claim is brought by Mr. Hines only.

42.   The Jail's prohibition on the wearing of religious jewelry violates Indiana's Religious Freedom Restoration Act, Ind. Code § 34-13-9-1, *et seq.*  This claim is brought by Mr. Hines only.

**WHEREFORE,** the plaintiff requests that this Court:

1.   Accept jurisdiction of this cause and set it for hearing.

2.   Certify this cause as a class action with the class as defined above.

3.   Declare that the defendant has violated the rights of the plaintiff and the class for the reasons described above.

4.   Issue a preliminary injunction, later to be made permanent, enjoining the defendant to permit inmates to receive newspapers and books through the mail and enjoining the enforcement of the challenged policies.

5.   Issue a preliminary injunction, later to be made permanent, enjoining the defendant to permit him to wear a religious necklace with a small crucifix.

6.   Award the plaintiff his individual damages for the violations of the First Amendment to the United States Constitution and Indiana's Religious Freedom Restoration Act, Ind. Code § 34-13-9-1, *et seq.*

7.   Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and/or Indiana Code § 34-13-9-10.

8.   Award all other proper relief.

                Gavin M. Rose
                Stevie J. Pactor
                ACLU of Indiana
                1031 E. Washington St.
                Indianapolis, IN 46202
                317/635-4059
                fax: 317/635-4105
                grose@aclu-in.org
                spactor@aclu-in.org

                *Attorneys for the plaintiffs*