UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

JUSTIN A. HINES, on behalf of himself and a
class of those similarly situated,

    Plaintiffs

v.

                        CASE NO.:   4:20-cv-00043-TLS-JPK

SHERIFF OF WHITE COUNTY, INDIANA, in
his official capacity,

    Defendant

### DEFENDANT, SHERIFF OF WHITE COUNTY INDIANA'S, ANSWER TO THE PLAINTIFF'S COMPLAINT.

#### Introductory Statement

1. With regard to the allegations contained in the Introductory Statement of the Plaintiff's Complaint, the Defendant admits the written policies of the White County Jail prohibit inmates from receiving newspapers and from receiving books through the mail, admit the written policies of the White County Jail prohibit inmates from wearing religious jewelry, is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegations regarding whether he is a devout Christian who desires to wear a necklace with a small crucifix as part of his religious exercise, and denies any remaining allegation contained in said paragraph.

#### Jurisdiction, Venue and Cause of Action

2. With regard to the allegations contained in paragraph 2 of the Plaintiff's Complaint, the Defendant admits the Court has jurisdiction over the matter based on the Plaintiff's allegations, but denies the merits of those allegations.

3. With regard to the allegations contained in paragraph 3 of the Plaintiff's Complaint, the Defendant admits the Court has discretion to exercise jurisdiction over the supplemental state law claims, denies the merits of the state law claims and denies the remaining allegations contained in said paragraph.

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. With regard to the Plaintiff's allegations contained in paragraph 6 of the Plaintiff's Complaint, the Defendant admits the Plaintiff has asserted federal constitutional claims, denies the Defendant has deprive the Plaintiff of rights secured by the federal constitution or other federal law, admits the Plaintiff has asserted Indiana State law claims, denies the merits of those claims and denies the remaining allegations contained in said paragraph.

**Parties**

7. The Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. The Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

**Class Action Allegations**

9. With regard to the allegations contained in paragraph 9 of the Plaintiff's Complaint, the Defendant admits Justin Hines brought this action, denies he is similarly situated as a class of people and denies the remaining allegations contained in said paragraph.

10. With regard to the allegations contained in paragraph 10 of the Plaintiff's Complaint, the Defendant admits the Plaintiff has attempted to certify this action as a class action with the listed class definition, the Defendant denies the class definition is appropriate and denies the remaining allegations contained in said paragraph.

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

**Factual Allegations**

14. With regard to the allegations contained in paragraph 14 of the Plaintiff's Complaint, the Defendant admits the Jail at times has housed approximately 80 inmates, denies it currently houses 80 inmates and denies any remaining allegation contained in said paragraph.

15. With regard to the allegations contained in paragraph 15 of the Plaintiff's Complaint, the Defendant admits the current policies of the Jail do not permit inmates to receive any items from outside of the Jail in response to the current COVID-19 pandemic, admits the policy in place prior to the COVID-19 pandemic permitted inmates to have items mailed or delivered to the Jail, including letters, cards and similar items, admit the Jail did not limit the size of those items, admits the inmates could only access those items through the kiosk system and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

16. With regard to the allegations contained in paragraph 16 of the Plaintiff's Complaint, the Defendant admits the current policies of the Jail do not permit inmates to receive any items from outside of the Jail in response to the current COVID-19 pandemic, admits prior to the current COVID-19 restrictions, the Jail's policies permitted inmates to possess paperback books that were dropped off at the Jail by the inmate's friends or family, admits prior to the current COVID-19 restrictions, the Jail's policies prohibited inmates from receiving books by the mail and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

17. With regard to the allegations contained in paragraph 17 of the Plaintiff's Complaint, the Defendant admits the current policies of the Jail do not permit inmates to receive any items from outside the Jail in response to the current COVID-19 pandemic, admits prior to the current COVID-19 restrictions, the Jail's written policy regarding literature was as alleged in paragraph 17 in the Plaintiff's Complaint and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

18. With regard to the allegations contained in paragraph 18 of the Plaintiff's Complaint, the Defendant admits on April 9, 2020 the White County Jail issued a new policy stating it would not accept any items for inmates including books, pictures, clothing of any kind, this policy would be reevaluated at a later date and this policy was in an attempt to slow the spread of COVID-19 and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

19. With regard to the allegations contained in paragraph 19 of the Plaintiff's Complaint, the Defendant denies that since he instituted his own policies and procedures upon taking office on January 1, 2019, the Jail's inmate handbook permitted inmates to receive

newspapers through the mail and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

20. With regard to the allegations contained in paragraph 20 of the Plaintiff's Complaint, the Defendant admits it issued a memorandum on July 5, 2019 which states what the Plaintiff alleges in said paragraph, admits the May 2019 inmate handbook states newspapers will not be allowed and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

21. With regard to the allegations contained in paragraph 21 of the Plaintiff's Complaint, the Defendant admits the Plaintiff was not incarcerated in the White County Jail in or around or July 2019, is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegations regarding his understanding of "arguments" between inmates and correctional staff, denies the arguments between inmates and correctional staff were the only reason for the decision regarding newspapers and deny any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

22. With regard to the allegations contained in paragraph 22 of the Plaintiff's Complaint, the Defendant admits the current policies of the Jail do not permit inmates to receive any items from outside the Jail in response to the current COVID-19 pandemic, admits prior to the current COVID-19 restrictions it prohibited inmates from receiving newspapers in the Jail and books through the mail and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

23. With regard to the allegations contained in paragraph 23 of the Plaintiff's Complaint, the Defendant admits the current policies of the Jail do not permit inmates to receive any items from outside the Jail in response to the current COVID-19 pandemic, admits prior to

the current COVID-19 restrictions the inmate handbook had the policy pertaining to religious materials alleged by the Plaintiff and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

24. The Defendant admits the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. With regard to the allegations contained in paragraph 26 of the Plaintiff's Complaint, the Defendant admits the Plaintiff's father tried having a newspaper sent to the Jail and the Jail refused to accept the newspaper, admit the Plaintiff has not been able to receive newspapers in the Jail because of the current COVID-19 restrictions and the Jail's policy regarding newspapers and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

27. With regard to the allegations contained in paragraph 27 of the Plaintiff's Complaint, the Defendant admits the Plaintiff is currently prohibited from receiving books through the mail because of the current COVID-19 restrictions and the Jail's policy regarding mailed books, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

28. With regard to the allegations contained in paragraph 28 of the Plaintiff's Complaint, the Defendant admits the Jail ceased permitting books to be dropped off at the Jail in response to the current COVID-19 pandemic as of April 9, 2020, denies the Jail's policy prior to the current COVID-19 restrictions was not a reasonable alternative for the Plaintiff, denies the Plaintiff's father does not have ready access to books Mr. Hines would like to read and denies

any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. With regard to the allegations contained in paragraph 31 of the Plaintiff's Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that the crucifix is the central symbol of the Plaintiff's faith or wearing the symbol has always allowed him to find spiritual comfort and represented a part of the manner in which he practices his faith, denies the Plaintiff's exercise of religion has been substantially burdened by not being allowed to possess the crucifix, deny the Jail has refused to permit him to possess and wear it and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

32. With regard to the allegations contained in paragraph 32 of the Plaintiff's Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the crucifix being small and lightweight, denies it cannot be reasonably used as a weapon, admits the Jail has a prohibition on religious jewelry, denies it has refused to allow the Plaintiff to possess or wear it and denies any remaining allegation contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

33. The Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. The Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35. With regard to the allegations contained in paragraph 35 of the Plaintiff's Complaint, the Defendant admits the Plaintiff has used the kiosk system to submit grievances on the receipt of newspapers, mailed books and his crucifix, denies the Jail did not respond to his grievances, denies the Plaintiff has fully exhausted all administrative remedies regarding the receipt of newspapers, the receipt of mailed books or the receipt of his crucifix and denies any remaining allegations contained in said paragraph that is inconsistent with the foregoing or not specifically referenced herein.

36. The Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. With regard to the allegations contained in paragraph 37 of the Plaintiff's Complaint, the Defendant admits his relevant actions taken in regard to this matter were under color of state law, but denies his actions violated the Plaintiff's constitutional rights or other federal law.

38. The Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39. The Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41. The Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. The Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

WHEREFORE, the Defendant respectfully requests the Plaintiff take nothing by way of his Complaint, for Judgment in his favor, for his costs expended in this action and for all other just and proper relief in the premises.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against the Defendant and fails to state a claim upon which relief can be granted against him so that the same should be dismissed at Plaintiff's cost.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that while he denies the allegations contained in Plaintiff's Complaint, any and all actions taken by him were discretionary in nature and taken in good faith and the Defendant is protected from liability by the doctrines of official immunity, absolute immunity and/or judicial immunity.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege a sufficient physical injury caused by the actions of the Defendant to justify an award of mental and emotional damages pursuant to Title 42 U.S.C. §1997(e)(E).

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the requirements of the Prison Litigation Reform Act, Codified at 47 U.S.C. §1997(e) and his Complaint should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies and thus, his Complaint should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Defendant acted reasonably and in good faith, without malice and within the scope of his authority, in his conduct towards the Plaintiff and not in a willful or reckless disregard of any constitutional, statutory or regulatory right of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the Defendant had any legal duty to the Plaintiff regarding the conditions of the Plaintiff's Confinement, the Defendant reasonably provided and made available to the Plaintiff such care, treatment and services or assistance required by law.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Jail's policy pertaining to religious jewelry substantially burdened the Plaintiff's exercise of his religious beliefs, the Defendant's policy was in furtherance of a compelling governmental interest and was the least restrictive means of furthering that compelling governmental interest.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff failed to comply with Indiana Code 34-13-7-1 prior to filing this action for relief under Indiana RFRA.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to comply with the Indiana Tort Claims Act prior to filing this action for relief under Indiana RFRA.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant relies on the immunity provisions of the Indiana Tort Claims Act as a complete defense to the State Law Claims asserted by the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant asserts the Plaintiff's contributory negligence bars any right to recover on his State Law Claims.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By:  s/Samantha J. Mihail
Samantha J. Mihail #32813-83
KIGHTLINGER & GRAY, LLP
8001 Broadway, Suite 100
Merrillville, IN 464021
Phone: (219) 769-0413
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the **20th day of July, 2020,** a copy of the foregoing Answer to the Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Stevie J. Pactor
Gavin M. Rose
ACLU of Indiana
1031 E. Washington Street
Indianapolis, IN 46202
spactor@aclu-in.org
grose@aclu-in.org
*Counsel for Plaintiff*

s/Samantha J. Mihail
Samantha J. Mihail