UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JUSTIN A. HINES, on behalf of himself and a class of those all similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) SHERIFF OF WHITE COUNTY, INDIANA, ) in his official capacity, ) ) Defendant. ) | 4:20 cv 43-PPS-JPK |

**OPINION AND ORDER**

This is a proposed class action involving the alleged policy of the White County Jail in Monticello, Indiana, prohibiting inmates from having newspapers and receiving books through the mail. Plaintiff seeks certification of the class defined as all persons currently confined, or who will in the future be confined, in the White County Jail. Defendant, Sheriff of White County, Indiana, initially filed a response objecting to the motion for class certification on the basis that Plaintiff had not properly exhausted his administrative remedies under the Prison Litigation Reform Act. [DE 26.] However, after an opportunity to investigate the matter, Defendant filed a notice of withdrawal of the exhaustion of administrative remedies defense from its answer and its response to the motion to certify the class. [DE 58.] Defendant then filed an amended response to the motion for class certification, stating it did not object to the motion, and requesting the court review the merits and evaluate whether Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 23. [DE 57.] Because I find the

requirements for a class action have been met, I will grant the class certification.

## Background

Plaintiff filed his class action complaint for declaratory and injunctive relief on June 3, 2020, on behalf of himself and others similarly situated, alleging the jail's prohibition on inmate's possession of newspapers and receiving books through the mail violates the First Amendment. [DE 1, ¶¶ 39, 40.] In addition to the class-based declaratory and injunctive relief, Hines also seeks his individual damages. [*Id.* at 8.] Hines also alleges the jail's prohibition on the wearing of religious jewelry violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*, and the Indiana Religious Freedom Restoration Act, § 34-13-9-1, *et seq.*, but the religious jewelry claims are brought by Hines only and are not part of the motion to certify a class. [*Id.* ¶¶ 41, 42.]

White County Jail has a policy concerning inmate possession of literature. The handbook provides that books are not allowed to be sent in the mail, although detainees may receive paperback books from visitors. [*Id.* ¶ 17.] With the onset of COVID-19, beginning on April 9, 2020, the jail temporarily suspended inmate receipt of items from their family and friends, including books. [*Id.* ¶ 18.]

Until somewhat recently, the jail allowed inmates to receive newspapers only through the mail. [*Id.* ¶ 19.] However, the handbook was amended on July 5, 2019, explaining because there were inmates arguing with correctional staff about the newspapers, "[n]ewspapers will not be allowed." [*Id.* ¶¶ 19, 20.] In other words,

newspapers are no longer allowed at all inside the White County Jail.

The class representative, Hines, is currently incarcerated at White County Jail and is an avid reader. [*Id.* ¶¶ 24, 27.] He would like to be able to subscribe to newspapers and order books directly from Amazon or another distributor, and receive books through the mail, but he is prohibited from doing so due to the jail's policy. [*Id.* ¶¶ 26-27.]

## DISCUSSION

Rule 23(a) of the Federal Rules of Civil Procedure allows a suit by representative parties on behalf of a class if the plaintiff establishes four requirements: (1) numerosity, (2) common questions of law or fact, (3) typicality, and (4) adequate representation. Fed. R. Civ. P. 23(a). In addition, the plaintiff must establish at least one prong of Rule 23(b). Here, Plaintiff contends that the proposed class is appropriate under Rule 23(b)(2). The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 are met. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). For purposes of a motion to certify a class, the court does not reach the merits of the complaint. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.").

3

**A.     Rule 23(a) Requirements**

    **1.     Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  While there is no magic number, this Circuit has found that a class with more than forty members will generally satisfy the numerosity requirement.  *See Pruitt v. City of Chicago*, 472 F.3d 925, 926-27 (7th Cir. 2006).  The White County Jail houses approximately 80 pretrial detainees and convicted inmates, with the average daily population of the jail being 78 people.  [DE 1, ¶ 14; DE 5 at 3.]  Therefore, Plaintiff has easily satisfied the numerosity requirement.

What's more, joinder of all members is plainly impracticable.  As noted recently in analogous class actions based upon juveniles at a correctional facility, "plaintiffs' class and subclass include all future juvenile pre-trial detainees at the Justice Center, the sort of revolving population that makes joinder of individual members a difficult proposition."  *V.W. by and through Williams v. Conway*, 236 F.Supp.3d 554, 574 (N.D.N.Y. 2017); *see also A.T. by and through Tillman v. Harder*, 298 F.Supp.3d 391, 407 (N.D.N.Y. 2018) ("[P]laintiffs' proposed class includes all future juveniles who will be detained at the Broome County Jail, precisely the sort of revolving population that often makes joinder of individual members impracticable.").  The same rationale is applicable here. Because the proposed class includes all persons currently confined, or who will in the future be confined, the class will change and only grow larger with time, thus making joinder impracticable.

4

### 2.     Commonality

Rule 23(a) requires Plaintiff to show "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality usually exists when the defendants have engaged in standardized conduct with respect to class members.  *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Holmes v. Godinez*, 311 F.R.D. 177, 217-19 (N.D. Ill. 2015) (finding commonality where detainees alleged system-wide failure to accommodate deaf and hearing-impaired inmates).  In this case, there is a central, common question of whether the White County Jail's policy and practice of not permitting newspapers in the jail and not permitting inmates to receive books by mail violates the Constitution.

### 3.     Typicality

A plaintiff's claim is typical of a proposed class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quotation omitted).  The inquiry for commonality and typicality is similar, and the Supreme Court has noted that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 n.5 (2011) (citation omitted).

The typicality requirement is also met in this case because the Plaintiffs challenge the same White County Jail practices (prohibiting newspapers and banning books by mail), and will need to rely on the same legal theories to prove their claims.  This consistent legal theory is controlling.  *See Flood v. Dominguez*, 270 F.R.D. 413, 418 (N.D.

Ind. 2010) (certifying a class of Lake County Jail pretrial detainees, and finding that "just like the commonality inquiry, the typicality requirement is met because the Plaintiffs challenge the same jail practices and will rely on the same legal theories to prove their claim. This controls despite any factual distinctions that may arise."); *see also Dunn v. City of Chicago*, 231 F.R.D. 367, 377 (N.D. Ill. 2005) ("Courts routinely address conditions of confinement claims in class actions."). Hines is an inmate at the jail whose "claims have the same essential characteristics as the claims of the class at large." *De La Fuente*, 713 F.2d at 232. His claims are typical of the inmates he seeks to represent.

    **4.**    **Adequacy of Representation**

The adequate representation inquiry consists of two parts: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Defendant has not challenged the adequacy of Plaintiff's counsel or the adequacy of the named plaintiff, Hines.

Hines is adequate as the class representative. He is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Conrad v. Boiron, Inc.*, 869 F.3d 536, 539 (7th Cir. 2017) (quotation omitted). However, I am troubled about one aspect of Hines being the named plaintiff. Hines is not only pursuing class-based relief, but also seeking individual damages and is separately challenging the jail's prohibition on religious jewelry. The fact that he is asserting

6

individual claims does not render him an inadequate representative for the class claims. *See, e.g., Frausto v. Bank of Am., NA*, 334 F.R.D. 192, 207 (N.D. Cal. 2019) (collecting cases). But I am worried that Hines' individual claim for monetary damages could put him in a position where his interests are adverse to those of the other class members. The most manageable way to resolve this concern is to bifurcate Hines' damages claim. That way, Hines' individualized damages claim will be litigated separately from the injunctive and declaratory issues that are unquestionably common to all members of the class, the risk of conflict is removed, and putative class members who might choose to pursue individual claims for monetary damages will not be adversely affected. Additionally, Hines' personal claims regarding the wearing of religious jewelry will also be bifurcated from the class claims regarding books and newspapers.

Defendant does not question the adequacy of class counsel; however, Rule 23(g) requires separate consideration of the appointment of counsel. I find the attorneys in this case are skilled counsel from the ACLU who state they are experienced in this type of litigation. [DE 5 at 7.] Counsel has been vigorously involved with this case since it was filed in June of 2020, including drafting numerous memoranda, and the court is satisfied that the ACLU and these lawyers in particular will adequately represent the class and zealously advocate on behalf of the class. As such, under Rule 23(g), the appointed class counsel shall be: Steven J. Pactor and Gavin M. Rose, both of the ACLU of Indiana, 1031 E. Washington St., Indianapolis, Indiana.

**B.     Rule 23(b) Requirements**

In addition to satisfying the requirements under Rule 23(a), Plaintiff's proposed class must also satisfy at least one of the three subsections of Rule 23(b). Plaintiff argues that the proposed class is appropriate under subsection 23(b)(2). [DE 5 at 7.]

Rule 23(b)(2) applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, Plaintiff has sought declaratory and injunctive relief, and these types of damages are particularly appropriate in a case like this, where it seems the main objective is to eliminate the White County Jail's alleged unconstitutional policies and procedures affecting all of the inmates. Rule "23(b)(2) is the appropriate rule to enlist when the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class." *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 441 (7th Cir. 2015). This is precisely what the named plaintiff is attempting to do in this case - obtain declaratory and injunctive relief designed to benefit the whole class. The requirements of Rule 23(b)(2) are therefore met.

For the aforementioned reasons, I will grant the motion to certify the class, finding that a class of plaintiffs in this case meets all the prerequisites of Rule 23(a) and 23(b)(2).

## Conclusion

For the reasons articulated above, Plaintiff's Motion for Class Certification [DE 4] is GRANTED.  Accordingly, a class consisting of: "all persons currently confined, or who will in the future be confined, in the White County Jail," is CERTIFIED.  Hines' individualized monetary damages claim and his individual claim regarding the wearing of religious jewelry are BIFURCATED.  Any claim for individual damages for Hines will be STAYED and considered only after the conclusion of the class claims.  Finally, the appointed class counsel shall be: Stevie J. Pactor, Gavin M. Rose, ACLU of Indiana, 1031 E. Washington St., Indianapolis, Indiana 46202.

**SO ORDERED.**

ENTERED: February 19, 2021.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**